IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § § § | |
| v. | § § | Case No. 4:24-mj-251-1 |
| Lorenzo Valerio-Popoca | § § § | |

## ORDER ON IDENTITY HEARING

On June 12, 2024, this Court held an identity hearing to determine if the individual arrested in this District is the same individual charged in the underlying Indictment issued in the U.S. District Court for the Middle District of Florida, Tampa Division. As stated on the record, the Court finds that the Government has met its burden on this issue.

A magistrate judge in the district of arrest must transfer a defendant to the district where the offense was allegedly committed if:

   (i)    the government produces a warrant ...; and
   (ii)   the judge finds that the defendant is the same person named
          in the indictment, information, or warrant ....

Fed. R. Crim. P. 5(c)(3)(D). For the first requirement, the record includes an arrest warrant. *See* Dkt. 2. To satisfy the second requirement, the Government must show there is probable cause to believe that the individual arrested is the same as the one charged with the underlying offense. *See, e.g.*, *United States v. Castro*, 2021 WL 5937773, at *3 (N.D. Ill. Dec. 16, 2021)

(collecting authorities, including *United States v. Ascencio*, 2017 WL 4005636, at *2 (S.D.N.Y. Sept. 12, 2017)); *United States v. Saldana-Beltran*, 37 F. Supp. 3d 1180, 1186 (S.D. Cal. 2014); *United States v. Antoine*, 796 F. Supp. 2d 417, 419-20 (E.D.N.Y. 2011); *United States v. Rodriguez-Torres*, 2014 WL 2320081, at *2 (S.D.N.Y. May 30, 2014); *McCrimmon v. United States*, 2009 WL 4347452, at * 1 (N.D. Miss. Nov. 24, 2009)).  As several decisions reason, Rule 5(c)(3)(D)(ii) should be read in conjunction with Rule 5.1(e), which specifies a probable cause standard for preliminary hearings.  *See id.*, at *3-4; *see also Ascencio*, 2017 WL 4005636, at *2.  Moreover, the probable cause standard makes the most sense, given that it tracks the standard for a grand jury to issue an indictment and for a court to issue an arrest warrant.  *See Antoine*, 796 F. Supp. 2d at 420.

    Here, the Government has shown there is probable cause to believe that the individual arrested here is the same Lorenzo Valerio-Popoca charged in Indictment.  The agents involved in the investigation sent two photographs of Valerio-Popoca to the Task Force Officer who testified at the identity hearing.  The Task Force Officer identified the individual in the courtroom as the same person depicted in those photographs.  The face reflected in those photographs also bears striking resemblance to the individual in the courtroom—including a more prominent left ear.  Based on this evidence, there is more than a

reasonable probability that the arrested and charged individuals are one-and-the-same.

In short, the Government adequately established that the arrestee in this District is the Lorenzo Valerio-Popoca who is charged in the Indictment. Accordingly, pursuant to Rule 5(c)(3)(D), it is **ORDERED** that he be **TRANSFERED** to the United States District Court for the Middle District of Florida, Tampa Division, for further proceedings.

Signed on June 12, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge